UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**MARCOS FRANCO,**

    Plaintiff,

vs.                                            CASE NO. 2020-

**HAVAS MEDIA GROUP USA, LLC**,

    Defendant.
_____/

## COMPLAINT

Plaintiff, **MARCOS FRANCO** ("Plaintiff"), by and through the undersigned counsel and pursuant to Title I of the American Disabilities Act, 42 U.S.C. §12112, *et seq.*, (1990) (ADA), as amended by the Americans with Disabilities Amendments Act (ADAA), Rehabilitation Act of 1973, 29 U.S.C. §504, (1988), and Title VII of the 1964 Civil Rights Act, 78 Stat. 253, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII") hereby sues the Defendant, **HAVAS MEDIA GROUP USA, LLC** ("Defendant" or "**HAVAS**") and as grounds states the following:

1. Plaintiff **MARCOS FRANCO** was at all times material an employee of Defendant. On June 2016, Defendant unlawfully retaliated against and terminated Plaintiff from his position as administrative assistant. Defendant's unlawful discriminatory employment practices were on the basis of Plaintiff's disability, to wit: panic attacks/mental illness, and sex (harassment).

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331, pursuant to **Title VII**, the **ADA**.

3. At all time material hereto the Defendant, **HAVAS,** as a corporation licensed and

doing business in Florida. The Defendant also has more than fifty (50) employees.

4. The Plaintiff, **MARCOS FRANCO,** has exhausted his administrative remedies and otherwise complied with all conditions precedent to the filing of this action, including, the filing of his complaint with the Equal Employment Opportunity Commission (EEOC) on or about June 7, 2018. (See attached copy of notice(s) Exhibit "A").   Plaintiff received a Notice of Dismissal and Notice of Rights containing the Plaintiff's right to sue within ninety days of receipt of said dismissal and notice of rights.   (See Attached Exhibit "B").

5. This Court has jurisdiction, in Florida, over the Defendant as the Defendant is a corporation that conducts, operates and carries on business in the State of Florida as a corporation licensed and doing business in Florida and has committed unlawful acts in Florida and has conducted substantial, and not isolated activities within the State of Florida.

## ADA FACTUAL BACKGROUND

6. Plaintiff, **MARCOS FRANCO** was during his employment a 47 year old male and resident of Miami, Florida.

7. On June 2016 Defendant hired Plaintiff for a Senior Financial Analyst based at the Blue Lagoon, Miami, Florida.

8. The Plaintiff incorporates the EEOC Compliant attached as Exhibit "A" as if the allegations were stated herein and as the allegations support his complaint.

*Disability*

9. During his employment with the Defendant the Plaintiff suffered from a severe panic attacks due to his Generalized Anxiety Disorder, a condition that resulted in an impairment substantially limiting one or more of life's major activities, to wit breathing, pain, and panic attacks.  The Plaintiff suffered continuing headaches, memory loss, and short of breath that

significantly limited his ability perform all of his duties.

10. Defendant regarded Plaintiff as having an impairment, there is a record of impairment that substantially limited one or more of life's major activities which qualifies as a disability in accordance with the ADA.

11. The Plaintiff provided medical records to the Defendant regarding his disability.

12. Plaintiff suffered and continues to suffer from the aforementioned medical condition that qualifies as a disability in accordance with the ADA.

*Harassment*

13. May 12, 2017, the employer recognized in a letter from H.R. the Plaintiff's disability, provided an accommodation of a weekly meeting to help the Plaintiff manage his stress level. (limited accommodation.) Also, the Defendant allowed Plaintiff leave from time to time for medical treatment.

14. The Defendant provided only a few weeks of meetings, even though it appeared that the meetings worked and did not interfere with production or business. However, shortly after granting the limited accommodation the weekly meetings stopped.

15. On or around September 27, 2018 after repeated requests for the accommodation of the weekly meetings, the supervisor, Juan Carlos Morales, (CFO) harassed the Plaintiff and instead of providing the accommodation Juan Carlos Morales ridiculed the Plaintiff. Juan Carlos Morales failed entirely to give the Plaintiff his limited accommodation of the weekly meeting, choosing to discourage the meeting at all cost and aggravate the mental health of Plaintiff. The altercation with Juan Carlos Morales ended up causing severe health deterioration of the Plaintiff to the point that both: the Plaintiff's physician and mental health doctors asked Plaintiff to take weeks off of work as his vital defenses were so low to the point of Pneumonia,

and mentally the Plaintiff was under extreme pressure that resulted in mental break down.

16. As far as September 2018 Juan Carlos Morales aggressively resisted and declined to have the accommodation meeting as stated in the May 2017 letter of accommodation from HR, instead, specifically said "…we do not have time for the meetings." The harassment was in retaliation for complaining about discrimination and on the basis of disability and for taking leave back in June.

17. During the time that the Plaintiff requested compliance with his limited accommodation, both Juan Carlos Morales and Alejandra Fortuna harassed the Plaintiff regarding his job performance. This was exactly the reason for the limited accommodation and weekly meetings to help the plaintiff manage stress. The Plaintiff continued throughout September 2018 to reach out upper management to address the harassment.

18. Starting in 2017 and continuing through the period of employment the harassment continued. Even though the supervisors in management knew about the Plaintiff's condition, and that Juan Carlos Morales and Ms. Fortuna continued to pressure the Plaintiff, singled him out and berating the Plaintiff in front of other employees. This conduct was only directed at the Plaintiff.

19. In a meeting with Alejandra Fortuna in September 2018, the Plaintiff presented a report to Ms. Fortuna. It was apparent at that meeting that Ms. Fortuna was upset at the Plaintiff because of the Plaintiff's attempts to remedy the issue of the limited accommodation and ask upper management for assistance in reporting. In that meeting Ms. Fortuna said, "the shit already hit the fan and you just added another layer to it." This was embarrassing and humiliating and showed the Plaintiff the limited accommodation was not going to continue.

20. The harassment continued, as both Ms. Fortuna and Juan Carlos Morales continued

to criticize the Plaintiff without any basis in fact and in bizarre emails stating that the work was not good, but without any clear criticism. The Plaintiff continued to request the meetings (limited accommodation). The stress was unbearable, and his health deteriorated. The Plaintiff requested an accommodation of time off. The Plaintiff's immediate supervisor, Alejandra Fortuna refused to allow the accommodation.

21. As a result of Juan Carlos Morales and Alejandra Fortuna's the failure to accommodate and the public berating the Plaintiff was subject to humiliation and embarrassment.

22. Another example, Plaintiff's supervisors, Juan Carlos Morales and Alejandra Fortuna manufactured a reprimand on May 30, 2018. Without any notice, Juan Carlos Morales summoned the Plaintiff to a "Performance Evaluation" without giving instructions, any reasons, or time for preparation. In addition, this was not a seasonal performance evaluation and no one else was being evaluated. In that meeting Juan Carlos Morales and HR Director Zulemey Contreras were present. As far as the "evaluation" it appeared that the evaluation did not include input from the Plaintiff's supervisor as the Plaintiff's Direct Supervisor, was not even present and there was no mention of her review.

23. Furthermore, on May 30, 2018 it was not the Company's Performance Review season. The Plaintiff had not been advised of any mistakes performed lately; however, Plaintiff had been asking for the weekly meeting, the limited accommodation. Juan Carlos Morales and Zulamey failed to bring tangible evidence of any Job Performance concerns, and Plaintiff had to ask for specific examples of their concerns and they were unable to present examples, or allegations. There was no written document that confirmed any performance problems or even any critical evaluation. The specific threat to the Plaintiff that came out in the meeting was that

the Plaintiff would be fired. This had obviously been prepared to harass and intimidate Plaintiff for asking for reasonable accommodation.

24. The Defendant's managers and administrations condoned the behavior of Juan Carlos Morales and Alejandra Fortuna by turning a blind eye to the activity and failing to investigate the complaints.

25. Upon information and belief, Defendant had not reprimanded, or question other employees for their work production or harass other employees in any way.

26. The supervisors Juan Carlos Morales and Alejandra Fortuna eventually physically alienated the Plaintiff by moving him to a common area where the company did billing and advertising production. This was far from the staff that the Plaintiff was required to work with and further impeded the Plaintiff's ability to do his job. Also, this was embarrassing as he was with junior staff, and it was obvious to everyone this was designed to belittle the Plaintiff.

27. The move of the Plaintiff's office space created difficulties in continuing to do his work. The Plaintiff could not get information regarding activity that would affect his reporting. This increased the workload and interfered in the Plaintiff's ability to complete his tasks, aggravating his stress, it was the opposite of allowing the limited accommodation for more contact and convenient supervision.

28. Desperate to find help or a solution the Plaintiff reached out to a high-level Management person, Javier Del Castillo. On or around September 6, 2018 the Plaintiff wrote a complaint to the company Vice President Javier Del Castillo about some of the conduct. Fearing additional retaliation (by Defendant's employee, Juan Carlos Morales and Alejandra Fortuna) the Plaintiff sent written correspondence. The written correspondence was meant to be constructive and to start a dialog.

29. At the end of September and beginning of October 2018, Alejandra Fortuna took an opportunity to harass the Plaintiff during a meeting with the new controller, Sara Gonzalez. The Plaintiff was happy to present at the meeting and when he concluded Ms. Fortuna singled the Plaintiff out and stated: "I think that for over 2.5 years working for this company you have hardly learned a thing." He was embarrassed and humiliated.

30. Following this, the Plaintiff's stress kept increasing and he began to feel shortness of breath, constant panic attacks, headaches, dizziness. that led the Plaintiff to send an e-mail to Antonio Caceres, (CFO regional) and Jorge Perovich, (CEO of Havas) to ask for help and explained that he (the Plaintiff) had already dealt with two HR directors inhouse and tried for over a year to find a solution. The Plaintiff expressed how severe the situation was. The Plaintiff did not get a direct response. However, on October 3, 2018 the Plaintiff received communication form Andrea Moore, (Havas America HR VP). The Plaintiff assumed they would discuss the lack of accommodation and that the Plaintiff was sick again. In her email, Andrea Moore scheduled a call for Friday October 5, at 3:00 p.m. The Plaintiff prepared an email of background of the issues in preparation for the meeting.

31. Then on October 5th call the Plaintiff was very surprised that Andrea Moore invited corporate legal counsel to join and the conversation was not about his complaints, but about matters of the Plaintiff's performance, again without any facts. The legal counsel on the call, Nancy Wayne, was intimidating, unfriendly, not sympathetic and the Plaintiff felt incredibly uncomfortable and more stressed. The counsel talked about consequences if the Plaintiff continued to push the complaints, or as she put it "… pledge falsehoods." Again, the Plaintiff as embarrassed and humiliated

32. The Defendant HR representative and legal counsel did nothing to help with the

accommodation and continued to allow the conduct that was harming the Plaintiff physically.

33. Due to the continuing harassment that was substantial and the alienation of the Plaintiff, it was employment was constructively terminated.

34. On November 17, 2018 the Plaintiff set forth in writing his basis for constructive termination.

35. Defendant discriminated and retaliated against Plaintiff on the basis of his disability, for requesting a reasonable accommodation, and for taking leave.

36. Defendant subjected Plaintiff to a hostile work environment on the basis of his disability.

37. Nothing was done to protect the Plaintiff or address the Plaintiff's complaint.

38. Defendant retaliated against Plaintiff for engaging in a protected activity by making a complaint of discrimination and retaliation on the basis of his disability as described above.

39. Defendant subjected Plaintiff to a hostile work environment on the basis of his disability and for making a complaint of discriminatory and retaliatory treatment for exercising his rights as described above.

40. Defendant subjected Plaintiff to a hostile work environment up to the day of his constructive termination as described above.

41. Plaintiff felt extremely degraded, victimized, humiliated, and severely emotionally distressed.

42. Defendant discriminated against and retaliated against Plaintiff for having complained of discrimination, as well as for having requested a reasonable accommodation under the ADA.

43. Defendant's discriminatory and retaliatory conduct was so unfair and extreme, that it

caused severe emotional distress, aggravated anxiety/depression, both financial emotional harm and the conduct was willful, intentional, and designed to and in fact did harm the Plaintiff.

44. Defendant's actions constituted a continuing violation under the applicable federal, laws.

45. The above are just some of the examples of the pattern and practice of unlawful, discriminatory, and retaliatory conduct to which Defendant subjected Plaintiff.

### COUNT I: DISCRIMINATION IN VIOLATION OF AMERICANS WITH DISABILITIES ACT 42 U.S.C. §§12101, ET SEQ. (1990)

Plaintiff, **MARCOS FRANCO**, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 45 as if set forth fully herein.

46. This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of her federal rights under the Americans with Disabilities Act (ADA), 42 U.S.C. §§12101, *et seq.*, as amended to include the remedies in 42 U.S.C. §2000e-5 and 42 U.S.C. §1981a.

47. Plaintiff is disabled within the meaning of 42 U.S.C. § 12101, *et seq*. (1990), as amended, in that she suffered from the medical conditions heretofore described, which impaired her breathing and substantially limited one or more of life's major activities. Additionally, Defendant regarded Plaintiff as having an impairment, and there was a record of an impairment, that substantially limited one or more of life's major activities.

48. Defendant is an employer within the meaning of 42 U.S.C. §12101, *et seq*.

49. At all times material hereto, Defendant was aware of Plaintiff's disability and failed to accommodate his reasonable accommodation requests to prevent the aggravation of his health issues, by not allowing the limited accommodation of the weekly meeting.

50. As set forth in the Plaintiff's EEOC Complaint the Plaintiff requested an accommodation for weekly meetings, that was denied capriciously.

51. The Plaintiff's disability was the motivating factor in the Defendant's decision to unlawfully discriminate against the Plaintiff. Instead of accommodating Plaintiff's reasonable accommodation request based on his disability, Defendant failed to allow the accommodation and embarrassed the Plaintiff by alienating him, singling him out and leaving him out of internal promotional notice where other employees received recognition for transfers and promotions, but the Plaintiff was never mentioned.

52. Plaintiff could perform the essential functions of his position with reasonable accommodations and with some difficulty without accommodations. However, without accommodations his condition would degrade and he would need to take time off to recover.

53. Defendant discriminated against Plaintiff by wrongfully denying his requests for a reasonable accommodation, failing to train him, reprimanding him, and eventually making the working environment so bad that he had to resign or face deteriorating health conditions.

54. As early as May 2017 the Plaintiff questioned his supervisor about being singled out, asked for training/work supervision and left out of his team.

55. Plaintiff is protected against discrimination under the ADA.

56. Defendant's discrimination against Plaintiff was willful or with reckless indifference to his protected rights.

57. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

**WHEREFORE**, Plaintiff demands trial by jury, and requests this Court to:

    a.    Declare that Defendant, **HAVAS,** unlawfully discriminated against Plaintiff in violation of the ADA;

    b.    Issue an order prohibiting further discrimination;

    c.    Order equitable relief, including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which she is entitled or award front pay in lieu of reinstatement, and all other equitable relief provided in 42 U.S.C. §2000e-5 and 42 U.S.C. §1981a;

    d.    Award Plaintiff all compensatory and punitive damages provided for in 42 U.S.C. §1981a and applicable statutes; and

    e.    Award Plaintiff her costs, attorney's fees and such other relief as the Court deems proper.

## COUNT II: RETALIATION UNDER AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. §§12101, ET SEQ. (1990)

Plaintiff, **MARCOS FRANCO**, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 45 as if set forth fully herein.

58.    This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of her federal rights under the Americans with Disabilities Act (ADA), 42 U.S.C. §§12101, *et seq.*, as amended to include the remedies in 42 U.S.C. §2000e-5 and 42 U.S.C. §1981a.

59.    Plaintiff is disabled within the meaning of 42 U.S.C. § 12101, *et seq*. (1990), as amended, in that he suffered from the medical conditions heretofore described, which impaired his mental systems and was substantially limited in one or more of life's major activities. Additionally, Defendant regarded Plaintiff as having an impairment, and there was a record of an impairment, that substantially limited one or more of life's major activities.

60.    Defendant is an employer within the meaning of 42 U.S.C. §12101, *et seq*.

61.    Following and as a result of Plaintiff's request for reasonable limited accommodation,

the Defendant retaliated against Plaintiff by instead reprimanding Plaintiff, accusing the Plaintiff of violating company policy, and making the employment so unbearable that it constructively terminated Plaintiff's employment.

62. Juan Carlos Morales and Alejandra Fortuna supervised at least 15 people, on or around 2017 to 2018. During that time Juan Carlos Morales and Alejandra Fortuna as described above would single the Plaintiff out, berate the Plaintiff, and not the other employees. The Plaintiff never witnessed Juan Carlos Morales and Alejandra Fortuna berate any other employee.

63. The Plaintiff notified Human Resources (HR) in May 2017 of this humiliating behavior and it happened on more than 20 times in 2017 and 2018. Juan Carlos Morales and Alejandra Fortuna also laughed publicly at the Plaintiff in front of other employees. It was embarrassing.

64. Defendant failed to properly train or reprimand Juan Carlos Morales and Alejandra Fortuna and supervise them after the allegations of misconduct surfaced.

65. Defendant's retaliation against Plaintiff was willful or with reckless indifference to his protected rights.

66. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

**WHEREFORE**, Plaintiff demands trial by jury, and requests this Court to:

    a. Declare that Defendant, **HAVAS,** unlawfully discriminated against Plaintiff in violation of the ADA;

    b. Issue an order prohibiting further discrimination;

    c. Order equitable relief, including but not limited to back pay, reinstating

   Plaintiff with all promotions and seniority rights to which she is entitled or award front pay in lieu of reinstatement, and all other equitable relief provided in 42 U.S.C. §2000e-5 and 42 U.S.C. §1981a;

  d. Award Plaintiff all compensatory and punitive damages provided for in 42 U.S.C. §1981a and applicable statutes; and

  e. Award Plaintiff her costs, attorney's fees and such other relief as the Court deems proper.

## FACTS FOR COUNTS COUNT III SEX HARRASSMENT IN VIOLATION OF   TITLE VII.

Plaintiff, **MARCOS FRANCO,** re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 5 as if set forth fully herein.

67. Plaintiff brings this lawsuit seeking recovery against Defendant for Defendant's violations of Title VII of the 1964 Civil Rights Act, 78 Stat. 253, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII") including Title VII's anti-retaliation provisions.

68. This Court has original Federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this case is brought under Title VII of the 1964 Civil Rights Act, 78 Stat. 253, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

69. The Plaintiff is a male.

70. The Plaintiff's supervisor, Juan Carlos Morales, commented on many occasions that he knew that the Plaintiff was gay.   In fact in May 2017 Juan Carlos Morales stated directly to the Plaintiff that he had difficulty doing business with "esos mexicanos son unos marcias" which translate to "Mexican queers." This was witnessed by another employee and was extremely embarrassing to the Plaintiff, as he was both of Mexican decent and gay.   The comment was directed to the Plaintiff in front of other

employees.

71. Further Juan Carlos Morales and Alejandra Fortuna also had other employees do their bidding of harassing the Plaintiff. The sister in law to Alejandra Fortuna, worked in the office and would often make inappropriate comments directly to the Plaintiff in front of Ms. Fortuna. On more than one occasion the sister in law would show the Plaintiff pictures of black male's genitalia, and make comments such as "…do you like it up your a__?" and "how does that feel." The sister in law would ask what type of penises or "dicks" he preferred and openly discussed sexual positions. All this happened in front of Alejandra Fortuna.

72. The sexual content of the many conversations was unwelcomed and was so pervasive it made doing the Plaintiff's job unbearable.

73. The above are just some of the examples of the pattern and practice of unlawful, harassment to which Defendant subjected Plaintiff.

74. The Plaintiff eventually resigned due to the pervasive harassment, as the harassment was unbearable.

75. The Plaintiff incorporates the EEOC Compliant attached as Exhibit "A" as if the allegations were stated herein and as they support my complaint.

## COUNT III CLAIM FOR RELIEF DISCRIMINATION HARASSMENT DUE TO SEX IN VIOLATION OF TITLE VII

Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs numbered 1 -5 and 67 through 75, as if fully set forth herein.

72. Plaintiff is a gay male.

73. Defendant, **HAVAS,** through its agents, engaged in a discriminatory practice in terms,

conditions, and privileges of employment because of the pervasive and direct sexual harassment of Plaintiff. Defendant violated the law by subjecting the Plaintiff to a hostile work environment including direct sexual harassment.

74. Juan Carlos Morales and Alejandra Fortuna supervised at least 15 people, on or around 2017 and 2018 when they would single the Plaintiff out, as described above, openly harass the Plaintiff in front of other employees and allow the Plaintiff to be harassed. The Plaintiff never witnessed Juan Carlos Morales and Alejandra Fortuna berate at any other employees and they treated the other employees with more respect.

75. To the extent that Defendant provided any avenue of complaint, Plaintiff reasonable availed himself of the company procedures Defendant provided to its employees including HR.

76. The aforementioned actions of Defendant constitute an ongoing pattern and practice of sex discrimination and harassment.

77. The acts complained of herein paragraphs # 67 to 73 violate Title VII and are illegal.

78. As a result of such conduct by Defendant, Plaintiff has suffered damages and in entitled to back pay, front pay, and compensatory damages for, among other things, emotional trauma and the physical consequences thereof suffered by Plaintiff as a consequence of Defendant's unlawful conduct.

89. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's federally protected rights, due to which Plaintiff is entitled an award of punitive damages against Defendant.

   WHEREFORE, Plaintiff **MARCOS FRANCO** demands trial by jury, and requests this Court to:

   a. Declare that Defendant **HAVAS** unlawfully discriminated against

Plaintiff in violation of the Title VII; and

b.      Issue an order prohibiting further discrimination; and

c.      Order equitable relief, including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which she is entitled or award front pay in lieu of reinstatement, and all other equitable relief provided at law;

d.      Award Plaintiff all compensatory and punitive damages provided for in and

e.      Award Plaintiff her costs, attorney's fees and such other relief as the Court deems proper.

Respectfully submitted on _3_ of February 2020.

**LAW OFFICES OF RICHARD J. CALDWELL, P.A.**
Attorneys for Plaintiff
66 West Flagler Street, Suite 601
Miami, Florida 33130
Tel: (305) 529-1040
Email: richard@caldwell.legal
caldwelllaw@bellsouth.net


By:_/S/_ Richard J. Caldwell_____
      Richard J. Caldwell, Esq.
      Florida Bar No. 825654